# Exhibit A

Skip to Main Content  Logout  My Account  Search Menu  New Civil & Family Search  Refine Search  Back

Location :  All Courts   Help

# REGISTER OF ACTIONS
## CASE NO. 2019DCV-1012-B

| | |
|---|---|
| Flour Bluff Investment Inc d/b/a Candlewood Suites vs. Mt. Hawley Insurance Company | § § § § § |

Case Type:  **Contract - Other**
Date Filed:  **03/05/2019**
Location:  **117th District Court**

---

### PARTY INFORMATION

| | | |
|---|---|---|
| **Defendant** | **Mt. Hawley Insurance Company** | **Attorneys**<br>**Greg K. Winslett**<br>*Retained*<br>214-871-2100(W) |
| **Plaintiff** | **Flour Bluff Investment Inc d/b/a Candlewood Suites** | **J. Brantley Durrett, III**<br>*Retained*<br>888-551-8183(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 03/05/2019 | **Original Petition (OCA)** |
| 03/05/2019 | **Original Petition Documents E-filed** (Judicial Officer: Watts, Sandra L. )<br>*Plaintiff's Original Petition, Jury Demand, Requests For Disclosure, And Notice* |
| 03/05/2019 | **Service Request Information Sheet**<br>*Service Requested* |
| 03/15/2019 | **Citation - Commissioner of Insurance**<br>Mt. Hawley Insurance Company | Unserved |
| 03/15/2019 | **Citation - Commissioner of Insurance**<br>Mt. Hawley Insurance Company | Unserved |
| 05/24/2019 | **Original Answer**<br>*Mt. Hawley Insurance Company s Original Answer And Affirmative Defenses* |

---

### FINANCIAL INFORMATION

| | |
|---|---|
| **Plaintiff Flour Bluff Investment Inc d/b/a Candlewood Suites** | |
| Total Financial Assessment | 309.00 |
| Total Payments and Credits | 309.00 |
| **Balance Due as of 05/24/2019** | **0.00** |

| | | | |
|---|---|---|---|
| 03/05/2019 | Transaction Assessment | | 309.00 |
| 03/05/2019 | E-file Payment | Receipt # 2019-3344-DCCLK | Flour Bluff Investment Inc d/b/a Candlewood Suites | (309.00) |

# Exhibit B-1



**Texas Department of Insurance**

PO Box 149104 | Austin, TX 78714 | 1-800-578-4677 | tdi.texas.gov

May 9, 2019

USPS Certified Mail No.
9214 8901 9403 8382 9657 46
Return Receipt Requested

Craig W. Kliethermes, President
Mt. Hawley Insurance Company
9025 North Lindbergh Drive
Peoria, IL 61615-1431

Re: Cause No.: 2019-DCV-1012-B; styled *Flour Bluff Investment, Inc. d/b/a Candlewood Suites v. Mt. Hawley Insurance Company*; in the 117th Judicial District Court, Nueces County, Texas

Dear Sir:

Service of Process has been requested through the Commissioner of Insurance. Enclosed please find citation and Plaintiff's Original Petition, Jury Demand Requests for Disclosure and Notice in the above referenced matter. These documents were served upon the Commissioner of Insurance on April 29, 2019.

Sincerely,

*Tish Wilhelm*

Tish Wilhelm
Program Specialist

**Citation for Personal Service – Commissioner of Insurance**          COPY

Case Number: 2019DCV-1012-B

THE STATE OF TEXAS

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO:  **Mt. Hawley Insurance Company, President Craig William Kliethermes  9025 North Lindbergh Drive Peoria IL  61615**

the Defendant by serving in **DUPLICATE** copies to the  BY SERVING DESIGNATED AGENT TEXAS COMMISSIONER OF INSURANCE, KENT SULLIVAN, 333 GUADALUPE, AUSTIN, TEXAS 78714-9104.

GREETING:   You are commanded to appear by filing a written answer to the **Plaintiff's Original Petition, Jury Demand, Request For Disclosure, And Notice** at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable **Sandra L. Watts**, **117th District Court** of Nueces County, Texas at the Courthouse of said County in Corpus Christi, Texas.  Said **Petition** was filed on the 5th day of March, 2019. A copy of same accompanies this citation.

The file number of said suit being Number:  2019DCV-1012-B

The style of the case is:  **Flour Bluff Investment Inc d/b/a Candlewood Suites vs. Mt. Hawley Insurance Company**

Said petition was filed in said court by J. Brantley Durrett, III attorney for Plaintiff, whose address is 1061 West 17th Street  Houston Tx  77008.

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly mail the same according to requirement of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said court at Corpus Christi, Texas, this 15th day of March, 2019.



**ANNE LORENTZEN, DISTRICT CLERK**
NUECES COUNTY, TEXAS
901 LEOPARD STREET, ROOM 313
CORPUS CHRISTI, TEXAS 78401

BY: _Nadia R. Contreras_____, Deputy
          Nadia Contreras

## RETURN OF SERVICE

2019DCV-1012-B

**FLOUR BLUFF INVESTMENT INC
D/B/A CANDLEWOOD SUITES
VS.
MT. HAWLEY INSURANCE
COMPANY**

117TH DISTRICT COURT

Name

**ADDRESS FOR SERVICE**
Mt. Hawley Insurance Company, President Craig William
Kliethermes
9025 North Lindbergh Drive
Peoria IL 61615

### OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the _____ day of _____, 20 _____, at _____ o'clock ____. m., and executed in _____ County, Texas by delivering to the within named defendant in person, a true copy of this Notice of Petition to Suspend License with the date of delivery endorsed thereon, together with the accompanying copy of the _____, at the following times and places, to-wit:

| NAME | DATE/TIME | PLACE, COURSE & DISTANCE FROM COURTHOUSE |
|------|-----------|------------------------------------------|
|      |           |                                          |

And not executed as to the defendant(s), _____
The diligence used in finding said defendant(s) being:

and the cause of failure to execute this process is:

and the information received as to the whereabouts of said defendant(s) being:

| Fees: | | | |
|-------|---|---|---|
| Serving Petition and Copy | $ _____ | _____, | Officer |
| Total | $ _____ | By _____, | County, Texas |
|  |  |  | Deputy |

### COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.

In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a Citation shall sign the return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____, my date of birth is _____, and my
      (First, Middle, Last)
address is _____
      (Street, City, State, Zip, Country)
I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the _____ day of
of _____, 20 _____.

_____
Declarant / Authorized Process Server

_____
ID# & Expiration of Certification

Filed
3/5/2019 10:19 AM
Anne Lorentzen
District Clerk
Nueces County, Texas

NO. _2019DCV-1012-B_____

| | | |
|---|---|---|
| **FLOUR BLUFF INVESTMENT, INC.** | § | **IN THE DISTRICT COURT OF** |
| **d/b/a CANDLEWOOD SUITES,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **NUECES COUNTY, TEXAS** |
| | § | |
| | § | |
| **MT. HAWLEY INSURANCE COMPANY,** | § | **117 th JUDICIAL DISTRICT** |
| **Defendant.** | § | |

## PLAINTIFF'S ORIGINAL PETITION , JURY DEMAND, REQUESTS FOR DISCLOSURE, AND NOTICE

TO THE HONORABLE JUDGE OF SAID COURT:

1.   COMES NOW, the Plaintiff, Flour Bluff Investment, Inc. d/b/a Candlewood Suites ("Candlewood"), and files this its Original Petition complaining of and against Defendant, Mt. Hawley Insurance Company ("HIC"), and in support hereof would respectfully show unto the Court the following:

### DISCOVERY CONTROL PLAN

2.   Discovery in this action should proceed under Level 3, TEX. R. CIV. P. 190.3. This case involves complex issues and will require extensive discovery. Accordingly, Candlewood requests the Court enter a custom docket control order tailored to the particular needs of this lawsuit.

### RELIEF

3.   Candlewood seeks monetary relief of over $1,000,000.00. Rule 47(c)(5) TEX. R. CIV. P. Candlewood reserves the right to modify the amount and type of relief sought in the future.

### PARTIES

4.   Flour Bluff Investment, Inc. d/b/a Candlewood Suites ("Candlewood"), is a corporation organized and doing business in Corpus Christi, Nueces County, Texas. Service of process is not requested or necessary at this time.

1

5.      Defendant, Mt. Hawley Insurance Company ("HIC"), is a foreign surplus lines insurance company organized as a Illinois entity and maintaining its principle place of business in Peoria, Illinois. HIC conducts the business of insurance for profit in a systematic and continuous manner in the state of Texas. Accordingly, HIC may be served with notice of this suit, by serving the Texas Commissioner of Insurance, Kent Sullivan, as its designated agent for service of process at 333 Guadalupe Street, Austin, Texas 78714-9104 with duplicate copies of process in this matter for forwarding to its president, Craig William Kliethermes, at its principle office, 9025 North Lindbergh Drive, Peoria, IL 61615.

## JURISDICTION AND VENUE

6.      Candlewood seeks damages under the common and statutory laws of the state of Texas. The amount in controversy exceeds the jurisdictional minimum for the District Courts of the state of Texas.

7.      Venue is proper in the District Court of Nueces County, Texas under §15.002(a)(1) of and §15.032 of the TEX. CIV. PRAC. & REM. CODE because all or a substantial part of the events or omissions giving rise to the claim occurred in Nueces County, Texas and because Nueces County, Texas is the county in which the insured property is located.

## FACTUAL BACKGROUND

8.      In this Petition whenever it is alleged that the Defendant did any act or thing, it is meant that the Defendant's officers, agents, servants, employees, attorneys, or representatives did such act or thing and that at the time such act or thing was done, it was done with the full, expressed, implied or apparent authorization or ratification of the Defendant or was done in the normal and routine course and scope of employment of the Defendant's officers, agents, servants, employees, attorneys, or representatives.  In addition, Candlewood mailed a demand letter regarding its claims

2

jointly addressed to HIC, Engle Martin & Associates, LLC ("EMA"), and Madsen, Kneppers & Associates, Inc. ("MKA") on August 28, 2018. HIC's attorney, Greg Winslett, responded to the demand letter on October 23, 2018, wherein HIC, pursuant to §542A.006 TEX. INS. CODE, assumed liability for the actions of its agents, EMA and MKA. Accordingly, all references to HIC refer to and incorporate the actions and conduct of its agents, EMA and MKA.

9.       By this action, Candlewood seeks to recover for losses sustained as a result of Hurricane Harvey to its hotel located at 9225 South Padre Island, Corpus Christi, Texas 78418 (the "Property").

10.       On or before June 24, 2017, HIC marketed and sold a commercial insurance policy bearing Policy No. MCP0166464 to Candlewood whereby HIC agreed to provide property insurance for the Property in exchange for the payment of premiums (the "Policy"). The Policy term extended from June 24, 2017 through June 24, 2018. The Policy purports to provide coverage for direct, physical loss to the Property due to windstorm occurring during the Policy term.

11.       The loss Candlewood sustained as a result of the windstorm occurred on or about August 25, 2017 (Hurricane Harvey) and is covered under the Policy and within the applicable Policy term.

12.       After the hurricane, on August 28, 2017, Candlewood filed an insurance claim with HIC and asked HIC to adjust the claim and pay it for the cost of repairs to the hotel sustained as a result of Hurricane Harvey. To advise and assist Candlewood in the adjustment of the loss, Candlewood hired Mr. A.J. Vise ("Vise") of Balance Group of Companies, LLC ("Balance") as its public insurance adjuster.

13.       On or about September 13, 2017, Neill Schwartz (EMA), Albert Juarez (Candlewood's Contractor), Jatin Gopaul and Roshan Bhakta (Candlewood's principals), inspected the Property to

determine the scope of loss that resulted from the hurricane-force wind and water. The damaged building components include, among other items, drywall, flooring, and the roofing system. Ultimately, Candlewood's assessment of the damages exceeded $1,400,000.00.

14.     HIC's adjusting company, EMA, hired an engineering firm, MKA, who concluded that the roof damages were limited, could be repaired, and did not warrant the full removal and replacement of the roofing assemblies. MKA also concluded that the water-related damage to the interiors were a result of infiltration through the building envelope stemming from allegedly defective construction methods and materials and not a result of a wind-related opening in the roof structure. MKA's opinion is unreasonable because it does not comport with the true facts of the loss. It is undisputed that the Property was built in accordance with all applicable codes at the time of construction. Furthermore, MKA's alleged building defects or either nonexistent or unrelated to the cause of loss. Accordingly, HIC's reliance on the report is being used as a pretext to deny the claim. Based solely on MKA's unreliable report, HIC determined that the wind related damages to the hotel only totaled $110,479.23, which is below the policy deductible of $123,000.00. Thus, HIC refused to make any payment on the loss.

15.     On April 25, 2018, HIC denied the claim in writing as being below the deductible.

16.     Despite clear evidence of covered damage, HIC engaged in and ratified this improper claims conduct and ultimately declined to warrant a payment. This denial is unreasonable because HIC knows that MKA's opinion omitted important facts, physical evidence, and meteorological data supporting Candlewood's claim.

17.     Instead, HIC unreasonably blamed the loss on other alleged causes such as defective construction of the structure and lack of flashing to windows within the hotel in an effort to avoid contractual responsibilities and to save it significant sums of money.

18.     In an attempt to break the impasse between Candlewood and HIC, Candlewood invoked the appraisal process on or about August 9, 2018. Notwithstanding its contractual obligations, HIC refused to participate in the appraisal process claiming the appraisal process was premature.

19.     Despite substantial documentation of the cause and extent of damage to the Property, not only by Candlewood's engineer and contractors, but also HIC's engineer, and numerous inspections of the Property, HIC has persisted in demanding further, unnecessary monitoring, data collection, inspections, and re-inspections, and now refuses to further adjust the loss or participate in the appraisal process.

20.     As a direct result of the conduct of HIC as alleged above, Candlewood has suffered actual and special damages and has been forced to file suit to recover policy benefits owed to it. Candlewood's experience is not an isolated case. The acts and omissions HIC committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of HIC with regard to handling these types of claims. HIC's entire process is unfairly designed to reach favorable outcomes for the company at the expense of policyholders.

## CAUSES OF ACTION

21.     Candlewood repeats and incorporates, by reference, the allegations of paragraphs 1 through 20 above and paragraphs 29 and through 36 below, as if fully set forth herein.

22.     Candlewood alleges that violations of the common laws of the State of Texas were committed "knowingly" and with "gross negligence", "intent", and/or "malice" and as a result thereof, it is entitled to receive additional statutory and/or exemplary damages.

23.     Candlewood further alleges that in all of the conduct complained of herein, all employees, servants, agents, and representatives of HIC had actual, implied, or apparent authority to act on behalf of HIC.

24.     Candlewood further alleges that all conditions precedent to recovery herein have been performed or have occurred and that each cause of action alleged herein is plead additionally and alternatively.

25.     Without waiving the foregoing, but strictly relying upon the same, Candlewood alleges that the actions and conduct of HIC constitutes a breach of contract. Candlewood purchased insurance from HIC. The insurance contract provides insurance coverage for the Property against loss from among other things: windstorm. Candlewood timely reported the loss to HIC and requested adjustment of their claim. Despite full compliance with the Policy conditions, HIC has failed and refused and continues to fail and refuse to pay any part of Candlewood's claim proximately causing damages to Candlewood.

26.     Without waiving the foregoing, but strictly relying upon the same, Candlewood alleges that the actions and conduct of HIC violate §541 and §542 *et. seq.* of the TEX. INS. CODE. Among other things, HIC has violated §541.060 of the TEX. INS. CODE, in a manner that has been and is a producing cause of damages to Candlewood, by:

> (a) Misrepresenting to a claimant a material fact or policy provision relating to the coverage at issue. §541.060(a)(1) Tex. Ins. Code;
>
> (b) Not attempting in good faith to bring about a prompt, fair, and equitable settlement of a claim once an insurer's liability has become reasonably clear. §541.060(a)(2)(A) Tex. Ins. Code;
>
> (c) Failing to promptly provide a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law for the denial of a claim or offer of compromise settlement of a claim. §541.060(a)(3) Tex. Ins. Code;

(d) Failing within a reasonable time to affirm or deny coverage of a claim to a policyholder. §541.060(a)(4)(A) Tex. Ins. Code; and

(e) Refusing to pay a claim without conducting a reasonable investigation with respect to the claim. §541.060(a)(7) Tex. Ins. Code.

HIC misrepresented to Candlewood that the damage to the Property was not covered under the Policy by falsely claiming it was caused by a different event than one covered under the Policy, even though the damage was caused by a covered occurrence within the Policy's term. As such, HIC's conduct constitutes a violation of §541.060(a)(1) of the TEX. INS. CODE.

HIC failed to attempt to effectuate an equitable settlement by conducting an unreasonable, inadequate, and outcome-oriented investigation of Candlewood's claims in which HIC chose to ignore obvious damage to the Property; grossly undervalued what damage they did acknowledge; and misrepresented the cause of, scope of, and cost to repair the damage to Candlewood's hotel. HIC made these and other misrepresentations to Candlewood. As a direct result of HIC's substandard and improper inspection of the Property, which grossly undervalued the cost of repairs in its estimate and yielded an unrealistic amount to underpay coverage. HIC's acts and omissions as described herein violate various provisions of §541.060 of the TEX. INS. CODE, including §541.060(a)(2)(A) and §541.060(a)(3), and §542.003, by knowingly underestimating the amount of damage to the Property, by failing to provide Candlewood a prompt and reasonable explanation of the basis in the Policy for underpayment of the claim, and by failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim. HIC also failed to make an attempt to settle Candlewood's claims in a fair manner and/or participate in the appraisal process, although they were aware of their liability to Candlewood under the Policy. As such, HIC's conduct constitutes violations of §541.060(a)(2)(A) of the TEX. INS. CODE.

7

HIC failed to reasonably explain to Candlewood the reasons for its failure to offer any settlement or payment on Candlewood's claims or participate in the appraisal process. Specifically, HIC failed to offer Candlewood any compensation and without any explanation why full payment was not being made. Furthermore, HIC did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any reasonable explanation for the failure to settle Candlewood's claims or participate in the appraisal process. As such, HIC's conduct constitutes violations of §541.060(3) of the TEX. INS. CODE.

HIC failed to affirm or deny coverage of Candlewood's claims within a reasonable time. Specifically Candlewood did not receive a timely indication of acceptance or rejection, regarding the full and entire claim, in writing, from HIC. As such, HIC's conduct constitutes violations of §541.060(a)(4)(A) of the TEX. INS. CODE.

HIC refused to fully compensate Candlewood, under the terms of the Policy, even though HIC failed to conduct a reasonable investigation. Specifically, HIC performed an outcome-oriented investigation of Candlewood's claims, which resulted in a biased, unfair, and inequitable evaluation of Candlewood's loss on the property. As such, HIC's conduct constitutes violations of §541.060(a)(7) of the TEX. INS. CODE.

HIC also violated §542.051 *et. seq.* of the TEX. INS. CODE, in a manner that has been and is a producing cause of damages to Candlewood, by failing to comply with §542.055-542.060 TEX. INS. CODE and acknowledge receipt of Candlewood's claim, commence an investigation of the claim, and request from Candlewood all items, statements and forms that they reasonably believed would be required within the applicable time constraints; and/or provide Candlewood with written notice of acceptance or rejection of the claim no later than the 15th business day after the date they received all items, statements, and forms, required to secure a proof of loss; and/or failed to provide Candlewood

8

with written notice of no later than the 15th business day of the need for additional time to accept or reject the claim; and/or failed to provide Candlewood with written notice of acceptance or rejection of the claim no later than the 45th day after notifying Candlewood under §542.056(d) TEX. INS. CODE.

HIC failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, HIC has delayed full payment of Candlewood's claim longer than allowed and, to date, Candlewood has not received any payment for the claim. HIC's conduct constitutes a violation of §542.055 of the TEX. INS. CODE. HIC's acts and omissions violate §541 and §542 *et. seq.* of the TEX. INS. CODE and were a producing cause of the damages to Candlewood.

27.     Without waiving the foregoing, but strictly relying upon the same, Candlewood alleges that the actions and conduct of HIC constitutes a breach the common law duty of good faith and fair dealing. HIC sold Candlewood a commercial property insurance policy (the "Policy"), which covered risks to Candlewood's hotel and various other items of coverage. The insurance policy gave rise to a duty of good faith and fair dealing. From the time Candlewood's claim was presented to HIC, the liability of the HIC to pay the full claim in accordance with the terms of the policy was reasonably clear. However, HIC has refused to pay Candlewood in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment. HIC's conduct constitutes a breach of the common law duty of good faith and fair dealing. HIC breach of this duty proximately caused damages to Candlewood.

## DAMAGES

28.     As a result of the actions and conduct complained of herein, Candlewood is entitled to the recovery of all actual, incidental, special, and consequential damages sustained in an amount that exceeds the minimum jurisdictional limits of this court. These damages include, but are not limited to: policy benefits wrongfully withheld.

29.     Candlewood is further entitled to the recovery of additional and/or exemplary damages due to the knowingly, grossly negligent, intentional, and/or malicious actions and conduct of the HIC.

30.     Candlewood is further entitled to the recovery of its reasonable and necessary attorney's fees incurred in connection with this suit pursuant to law. Among other statutory basis, Candlewood claims attorney's fees pursuant to §38.001 and §37.009 of the Tex. Civ. Prac. & Rem. Code and §542.060(a)-(b), of the Tex. Ins. Code

31.     Candlewood is further entitled to the recovery of pre-judgment and post-judgment interest herein at the maximum amount allowed by the common and statutory laws of the State of Texas. Specifically, Candlewood claims statutory interest at the highest rate allowed under §542.060(a) of the Tex. Ins. Code.

32.     Candlewood is further entitled to the recovery of costs of court.

### DEMAND FOR JURY TRIAL

33.     Pursuant to Rule 216 TEX. R. CIV. P., Candlewood demands a jury trial on all issues triable by a jury and pays the appropriate jury fee.

## REQUEST FOR DISCLOSURE

34.    Pursuant to Rule 194 TEX. R. CIV. P., Defendant, Mt. Hawley Insurance Company ("HIC"), is requested to disclose, within 51 days of service of this request, the information or material described in Rule 194.2 (a)-(k) 216 TEX. R. CIV. P.

## NOTICE OF INTENT TO USE DOCUMENTS - RULE 193.7 TEX. R. CIV. P.

35.    Pursuant to rule 193.7 TEX. R. CIV. P., Candlewood gives notice to Defendant, Mt. Hawley Insurance Company ("HIC"), that any and all documents produced in response to written discovery may be used as evidence in this case, and, that any such material may be used as evidence against the party producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the document and/or material produced in discovery.

11

## PRAYER

36.     WHEREFORE, PREMISES CONSIDERED, Plaintiff, Flour Bluff Investment, Inc. d/b/a

Candlewood Suites ("Candlewood"), prays that the Defendant, Mt. Hawley Insurance Company

("HIC"), be cited to appear and answer herein, and that upon full and final trial herein, Candlewood

recover from HIC all actual, incidental, special, and consequential damages sustained as the result of

the actions of HIC and its representatives, along with additional and exemplary damages, and

damages attributed to attorney's fees, costs of court, pre-judgment and post-judgment interest, and

such other and further relief, whether general or special, at law and in equity, to which Plaintiff,

Flour Bluff Investment, Inc. d/b/a Candlewood Suites ("Candlewood"), may show itself justly

entitled by this pleading or proper amendment hereto.

Respectfully submitted,

DURRETT LAW FIRM

*/s/ J. Brantley Durrett, III*
J. BRANTLEY DURRETT, III
State Bar Number 06287615
1061 West 17th Street
Houston, Texas 77008
Telephone | Facsimile No.: (888) 551-8183
*brant@durrettlaw.com*

ATTORNEY FOR PLAINTIFF,
FLOUR BLUFF INVESTMENT, INC. D/B/A
CANDLEWOOD SUITES

# Exhibit B-2

Filed
5/24/2019 11:21 AM
Anne Lorentzen
District Clerk
Nueces County, Texas

CAUSE NO. 2019DCV-1012-B

| | | |
|---|---|---|
| FLOUR BLUFF INVESTMENT, INC. | ) | IN THE DISTRICT COURT |
| d/b/a CANDLEWOOD SUITES | ) | |
| | ) | |
| V. | ) | 117TH DISTRICT COURT |
| | ) | |
| MT. HAWLEY INSURANCE COMPANY | ) | NUECES COUNTY, TEXAS |

## MT. HAWLEY INSURANCE COMPANY'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Mt. Hawley Insurance Company, Defendant in the above-entitled and numbered cause, filing this Original Answer and Affirmative Defenses to Plaintiff's Original Petition, and would respectfully show the Court as follows:

### I.  GENERAL DENIAL

Defendant denies all and singular the allegations contained in Plaintiff's Original Petition and demands strict proof thereof.

### II.  AFFIRMATIVE DEFENSES

#### *First Affirmative Defense*

The Policy provides potential coverage for direct physical loss of or damage to Plaintiff's Covered Property exceeding the Policy deductible that is caused by or resulting from a Covered Cause of Loss, subject to all terms, conditions, limitations and exclusions of the Policy.  *See* Policy, **BUILDING AND PERSONAL PROPERTY COVERAGE FORM, A. COVERAGE; D. Deductible**.  There was no direct physical loss of or damage to Plaintiff's Covered Property exceeding the policy Deductible that was caused by a Covered Cause of Loss.

#### *Second Affirmative Defense*

The Policy does not provide coverage for loss or damage to the interior of Plaintiff's building caused by wind driven rain caused by or resulting from faulty, inadequate or defective:

DEFENDANT'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES - Page 1
[3802145v1]

(1) design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction; (2) materials used in repair, construction, renovation or remodeling; or (3) maintenance. Furthermore, coverage does not extend to continuous or repeated seepage or leakage of water into a building or the entry of rain into the building that is caused by failure to properly secure the building or by failure to protect the building against normal wear and tear. *See* Policy, **WIND DRIVEN RAIN COVERAGE ENDORSEMENT.** As such, there is no coverage for claimed damage under the Policy occurring as a result of these conditions, including damage resulting from the failure to install appropriate flashing.

### *Third Affirmative Defense*

The policy also excludes loss or damage resulting from faulty, inadequate or defective: (1) design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction; (2) materials used in repair, construction, renovation or remodeling; or (3) maintenance. *See* Policy, **CAUSES OF LOSS – SPECIAL FORM, B.3.c.** As such, there is no coverage for claimed damage under the Policy occurring as a result of these conditions, including damage resulting from the failure to install appropriate flashing.

### *Fourth Affirmative Defense*

The Policy also excludes damage resulting from wear and tear, pre-existing mechanical damage, pre-existing rust or other corrosion, decay, deterioration, hidden or latent defect, qualities in the property that caused it to damage or destroy itself, and settling, cracking, shrinking or expansion. *See* Policy, **CAUSES OF LOSS – SPECIAL FORM, B.2.d.** As such, there is no coverage for claimed damage under the Policy occurring as a result of these conditions.

### *Fifth Affirmative Defense*

Plaintiff seeks recovery of replacement cost of losses where no substantive repairs have been made.  The Policy provides that payment will not be made on a replacement cost basis for any loss or damage (1) until the lost or damaged property is actually repaired or replaced; and (2) unless the repairs or replacement are made as soon as reasonably possible after the loss or damage.  *See* Policy, **BUILDING AND PERSONAL PROPERTY COVERAGE FORM, G.3.d.**

### *Sixth Affirmative Defense*

Plaintiff asserts that there were unreasonable delays in the handling of its claim.  Yet delays and difficulties in this claim have resulted from Plaintiff's own failures to comply with the Policy.  Despite Plaintiff's duties to cooperate in the investigation and settlement of the claim, provide descriptions of the loss or damage, provide detailed inventories of the damaged and undamaged property, and provide a signed, sworn, proof of loss containing information requested by Mt. Hawley to investigate the claim, Plaintiff repeatedly refused to provide such information or documents, and repeatedly ignored additional requests for information.  *See* Policy, **BUILDING AND PERSONAL PROPERTY COVERAGE FORM, E.3.**

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiff take nothing by its suit and that Defendant be awarded such other and further relief to which it is justly entitled.

Respectfully submitted,

*/s/ Greg K. Winslett*
GREG K. WINSLETT
State Bar No. 21781900
ANTHONY W. KIRKWOOD
State Bar No. 24032508
**QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100
(214) 871-2111 (Fax)
gwinslett@qslwm.com
tkirkwood@qslwm.com
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing instrument is being served upon counsel for Plaintiff by TexFile, fax or email, in accordance with the Texas Rules of Civil Procedure, on this 24th day of May, 2019, as follows:

J. Brantley Durrett, III
Durrett Law Firm
1061 W. 17th St.
Houston, TX 77008
Fax: 888-551-8183
brant@durrettlaw.com
*Attorney for Plaintiff*

*/s/ Anthony W. Kirkwood*
Anthony W. Kirkwood

# Exhibit C

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

FLOUR BLUFF INVESTMENT, INC. )
d/b/a CANDLEWOOD SUITES )
 ) Civil Action No. _____
V. )
 )
MT. HAWLEY INSURANCE COMPANY )

---

## LIST OF COUNSEL OF RECORD

---

**Counsel for Plaintiff**
J. Brantley Durrett, III
Durrett Law Firm
1061 W. 17th St.
Houston, TX 77008
Tel/Fax: 888-551-8183

**Counsel for Defendant Mt. Hawley Insurance Company**
Greg K. Winslett
Anthony W. Kirkwood
Quilling, Selander, Lownds, Winslett & Moser, PC
2001 Bryan Street
Suite 1800
Dallas, TX 75201
Tel.: (214) 871-2100

**LIST OF COUNSEL OF RECORD**
[3802113v1]

# Exhibit D

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

FLOUR BLUFF INVESTMENT, INC.      )
d/b/a CANDLEWOOD SUITES            )
                                  )        Civil Action No. _____
V.                                )
                                  )
MT. HAWLEY INSURANCE COMPANY )

---

## INDEX OF STATE COURT DOCUMENTS

| No. | Date Filed or Entered | Document |
|-----|----------------------|----------|
| **A** | N/A | State Court Docket |
| **B-1** | 03/05/19 | Plaintiff's Original Petition for Relief |
| **B-2** | 05/24/19 | Defendant's Original Answer and Affirmative Defenses |
| **C** | N/A | List of Counsel of Record |
| **D** | N/A | Index of State Court Documents |